DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant Quality International Enterprises ("QIE") appeals the decision of the Summit County Court of Common Pleas in which the court dismissed QIE's action against Appellee IFCO Systems North America, Inc. ("IFCO"). We dismiss QIE's appeal on the grounds that it did not have the capacity to bring the appeal.
 {¶ 2} QIE is a Delaware corporation that does business in both Ohio and Texas, and that has its principal place of business in Akron. It specializes in distributing wooden pallets and boxes. In 2003, QIE began doing business with IFCO Systems North America (IFCO), which produces pallets and boxes through one of its subsidiaries, Integral Pallet Holdings Operations (IPHO), located in Texas. IPHO sold pallets to Dell Computers (Dell) using QIE as an intermediary. QIE coordinated payment for the pallets. While QIE's main office was in Ohio, it was maintaining a small office near Dell's headquarters in Austin, Texas.
 {¶ 3} In 2005, problems began to develop between QIE and IFCO. The end result was that QIE did not forward Dell's payments on IFCO's invoices. No one disputes that invoices remained unpaid, though there is a dispute as to how much money was involved and whether Dell had raised quality control concerns regarding IFCO's products. IFCO's subsidiary IPHO brought suit against QIE in Harris County, Texas, on July 15, 2005. On July 20, 2005, QIE filed suit against IFCO in Summit County, Ohio, on claims of breach of contract and interference with business relationships. On August 1, 2005, QIE was registered as a trade name with the Ohio Secretary of State, and the named agent was "Brasbob Enterprises, Inc."
 {¶ 4} IFCO did not file an answer to QIE's complaint, and instead filed a motion to dismiss on October 11, 2005, on the grounds of forum non conveniens. IFCO argued that Texas was a more appropriate forum for two reasons: first, there was already litigation pending in Texas regarding these two parties, and second, all of the events giving rise to the Summit County litigation had taken place in Texas. QIE filed a timely response to IFCO's motion to dismiss on November 14, 2005. On December, 2005, IFCO filed a motion for leave to supplement its motion to dismiss, and informed the Summit County trial court that the Texas court had issued a default judgment after QIE's failure to respond to IFCO's complaint. QIE did not respond to this supplement, nor did it request leave to respond. Finally, on January 25, 2005, IFCO filed notice of newly discovered facts and a second motion for leave to supplement its original motion to dismiss. In this filing, IFCO informed the court that, on January 3, 2006, shortly before the trial court had held a hearing on IFCO's motion to dismiss, QIE had terminated its trade name with the Secretary of State, and no longer had the capacity to maintain the suit because it was not licensed or registered in the State of Ohio. See R.C. 1329.10 and R.C. 1703.29. QIE had never informed the trial court of its termination of the trade name. On January 31, 2006, the trial court found that there was no registered Ohio entity operating under the name of QIE, and granted IFCO's motion to dismiss on the grounds that QIE lacked the legal capacity to maintain the suit, and on the grounds of forum non conveniens.
 {¶ 5} QIE filed the instant appeal on March 2, 2006. On March 24, 2006, IFCO filed a motion to dismiss QIE's appeal on the ground that QIE lacked capacity to bring the appeal. IFCO argued that QIE did not seek licensure with the State of Ohio until after it had filed the notice of appeal. Therefore, IFCO argued, QIE could not maintain an appeal under RC 1703.29 because it was an unlicensed foreign corporation. This court denied IFCO's motion, stating that the motion was related to the merits of the appeal, which we would need to consider.
 {¶ 6} In its appeal, QIE raised the following four assignments of error:
 FIRST ASSIGNMENT OF ERROR
"The trial court erred as a matter of law by depriving QIE of the opportunity to respond to IFCO's Supplemental Motion to Dismiss per the requirements of Civ.R. 6 and Summit County Local Rule 7.14(A)."
 SECOND ASSIGNMENT OF ERROR
"The trial court erred when it relied upon R.C. 1329.10 to dismiss QIE's claims against IFCO."
 THIRD ASSIGNMENT OF ERROR
"The trial court erred by allowing IFCO to contest QIE's capacity to bring the Ohio action based upon QIE's filing status after [IFCO] had waived its defense pursuant to Ohio Civ.R. 9(A) and 12 (H)."
 FOURTH ASSIGNMENT OF ERROR
"The trial court abused its discretion in holding that Texas was the more convenient forum."
 {¶ 7} QIE argues that the trial court prematurely decided the motion to dismiss based on new information contained in IFCO's supplemental motion, without giving QIE the opportunity to respond to the new information. It also argues that the trial court applied the wrong law to the motion to dismiss, that it permitted IFCO to raise issues it had waived, and that its decision to dismiss on the grounds of forum non conveniens was an abuse of discretion. We do not reach the merits of QIE's assignments of error because we find that QIE lacked capacity to bring this appeal. We therefore dismiss the appeal.
 {¶ 8} QIE filed its notice of appeal on March 2, 2006. At that time QIE was not registered in any way with the Ohio Secretary of State. R.C. 1703.03 provides, in pertinent part, as follows: "No foreign corporation not excepted from sections1703.01 to 1703.31 of the Revised Code, shall transact business in this state unless it holds an unexpired and uncanceled license to do so issued by the secretary of state." R.C. 1703.29(A) continues:
"The failure of any corporation to obtain a license under sections 1703.01 to 1703.31, inclusive, of the Revised Code, does not affect the validity of any contract with such corporation, but no foreign corporation which should have obtained suchlicense shall maintain any action in any court until it hasobtained such license." (Emphasis added.)
At the time that QIE filed its appeal, it had not complied with the licensing requirement, and therefore could not maintain an appeal to this court.
 {¶ 9} QIE cites P.K. Springfield, Inc. v. Hogan (1993), 86 Ohio App.3d 764, 621 N.E.2d 1253, in support of its contention that maintaining an action is separate from initiating an action, and that a corporation may initiate an action and then remedy the lack of licensure in order to maintain that action. However, the facts of Hogan do not bear out QIE's argument. In Hogan, the defendant raised cross-claims in its answer but was not a registered corporation licensed to do business under R.C.1703.29(A). The appellate court found that the filing of a cross-claim constitutes "maintaining an action," which the statute clearly prohibits to an unlicensed foreign corporation. Id., at 769. It held that "R.C. 1703.29(A) require[s] [the defendant] to obtain a license in order to maintain its cross-claim." Id; see, also, Monaco v. Ted Terranova Sales Inc.
(Aug. 28, 1984), 10th Dist. Nos. 83AP-351, 83AP-352, 83AP-526 (Corporation whose license was cancelled after events giving rise to cause of action transpired did not have capacity to sue unless licensed at time action was filed.) Therefore, the cross-claimant in Hogan was not permitted to maintain its action due to its lack of licensure.
 {¶ 10} QIE's argument with respect to capacity to raise this appeal also creates practical problems. Immediately upon filing an action, a party is maintaining that action. QIE's interpretation creates a distinction without a difference, and is untenable. If a corporation has not received the proper licensure prior to filing an appeal, it lacks the capacity to bring the appeal. The statutory requirement that a corporation register or become licensed in the State of Ohio encourages corporations to complete filing and registration before they can enjoy the full use of the court systems. It would defeat this purpose to allow corporations to ignore the filing requirements until after they have filed an appeal.
 {¶ 11} QIE attempts to argue in its brief that IFCO has waived the capacity argument on appeal because it did not raise QIE's lack of licensure at the trial level. We draw a distinction between licensure and registration. "Licensure" refers to a foreign corporation's obtaining a license to operate in the State of Ohio, pursuant to RC 1703.03 and RC 1703.29. "Registration" refers to a corporation's filing its trade name or trademark with the Ohio Secretary of State pursuant to RC 1329.01. Whether IFCO drew the trial court's attention to QIE's lack of licensure at the time the original action was brought does not affect QIE's status at the time this appeal was filed, and IFCO cannot be said to have waived the issue. We cannot reach issues of waiver below when the party attempting to claim that there was waiver does not have any capacity to access the court system at the time its appeal is filed in this court. We therefore hold that R.C.1703.29 requires that, to be considered competent to maintain an appeal, a foreign corporation must be licensed in Ohio at the time it commences that appeal.
 {¶ 12} QIE's appeal is dismissed on the grounds that it lacked the capacity to appeal due to its failure to comply with the licensing requirements for foreign corporations doing business in Ohio.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J., Moore, J., concur.